UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DARIUS PRINTUP,                         )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )       No. 2:22-cv-00098-JPH-MKK
                                        )
FRANK VANIHEL,                          )
LEFFLER,                                )
GILBERT,                                )
LAMB,                                   )
                                        )
                    Defendants.         )

**ORDER GRANTING IN PART, DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Darius Printup is incarcerated at Wabash Valley Correctional Facility.
He is a practicing Muslim. Mr. Printup alleges that the defendants deprived
him of sanitation items in violation of the Eighth Amendment, First
Amendment, and Religious Land Use and Institutionalized Persons Act
(RLUIPA). The defendants have moved for summary judgment. For the reasons
below, the motion for summary judgment is **GRANTED** as to Mr. Printup's
Eighth Amendment claims but **DENIED** as to his First Amendment and
RLUIPA claims. Dkt. [36]. Additionally, Mr. Printup is **ORDERED** to show
cause why his RLUIPA claim should not be dismissed as moot.

## I.    Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is
no genuine dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has

met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

## II.    Undisputed Facts[1]

In February 2022, Mr. Printup was assigned to a segregated housing unit at Wabash Valley Correctional Facility. Dkt. 37-1 at 11:8–11. Warden Vanihel, Sergeant Leffler, Officer Gilbert, and Officer Lamb were Indiana Department of

---

[1] The assertions in Mr. Printup's "Statement of Material Facts in Dispute" are mainly conclusory. *See, e.g.*, dkt. 43 at 2–3 ("Plaintiff suffered injuries or harm as a result of the conditions of his cell while on strip status. . . . The conditions of plaintiff's confinement were sufficiently serious and denied him the minimal civilized measures of life's necessities."). To the extent Mr. Printup asserts facts (rather than conclusions or opinions), they are not supported by citation as required by this Court's local rules. S.D. Ind. L.R. 56-1(e). Accordingly, the Court disregards Mr. Printup's statement of material facts in dispute. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment).

Correction employees working at Wabash Valley. Mr. Printup practices Islam. His faith requires daily prayer using a prayer mat and daily recitation of the Quran. Dkt. 37-1 at 25:21–26:11, 35:13–17.

On February 18, Mr. Printup used a pair of batteries and some paper to start a small fire outside his cell. *Id.* at 12:1–12. After staff discovered the fire, Mr. Printup was placed on strip cell status. *Id.* at 13:5–14. Sergeant Leffler escorted Mr. Printup to a shower cell, where he waited while Officer Lamb and Officer Gilbert removed items from his cell. *Id.* at 21:25–23:25. They removed bar soap, hand soap, shampoo, deodorant, and toothpaste, as well as Mr. Printup's Quran, prayer rugs, and wall calendar with prayer times. *Id.* at 24:23–25:17. The only items that remained were "a roll of toilet paper and a mat." *Id.* at 25:10–13.

That same day, Mr. Printup complained to Sergeant Leffler about his missing religious and hygiene items. *Id.* at 26:12–27:2. He also asked Officer Gilbert for his hygiene items back. *Id.* at 28:7–19. Nothing was returned to him on February 18 or 19. Approximately 48 hours after the items were removed, Sergeant Leffler ordered their return. *Id.* at 40:9–12.

Mr. Printup was denied a shower while on strip cell status, so he went five days without a shower. *Id.* at 33:7–10. He had continuous access to cold water, but he asserts that cold water "does not remove germs." *Id.* at 33:25–34:1–7.

Warden Vanihel was responsible for the daily operations at Wabash Valley. *Id.* at 31:12–13. He had not created a policy specifically identifying

which items could be removed from inmates on strip cell status. *Id.* at 31:13–23. Mr. Printup had never complained directly to Warden Vanihel about the strip cell practices at Wabash Valley before filing this grievance. *Id.* at 36:8–13.

### III.    Discussion

Mr. Printup alleges that the deprivation of religious and hygiene items violated the Eighth Amendment, First Amendment, and RLUIPA. The defendants seek summary judgment on all claims.

### A.    Eighth Amendment

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). To meet the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). To meet the subjective component, a prisoner must establish that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted).

Without more, the short-term deprivation of hygiene items does not satisfy the objective prong of the Eighth Amendment analysis. *See Harris v. Jones*, No. 20-1625, 2021 WL 4950248, at *2 (7th Cir. Oct. 25, 2021) (no Eighth Amendment violation where inmate was deprived of soap for one day and a clean jumpsuit for three days after urinating on himself); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (no Eighth Amendment violation where prison officials failed to provide prisoner with toilet paper for five days and soap, toothbrush, and toothpaste for ten days); *Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (same where inmate who had human waste thrown on him by other inmates received cleaning supplies promptly but could not shower for three days). Similarly, five days without a shower does not implicate the Eighth Amendment. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (once-weekly shower limitation does not create "atypical and significant hardship" to trigger Fourteenth Amendment liberty interest).

The designated evidence does not indicate that Mr. Printup faced an excessive health risk from being denied hygiene items for approximately 48 hours and a shower for five days. Indeed, he acknowledges that no injury occurred. Dkt. 37-1 at 40:13–15.

Because no reasonable jury could find that Mr. Printup has satisfied the objective prong of an Eighth Amendment claim, the defendants are entitled to summary judgment on this claim.

**B.      First Amendment**

To succeed on his First Amendment free-exercise claim, Mr. Printup must designate evidence from which the factfinder may find that the defendants "personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (cleaned up). Even a substantial burden is permitted if the burden is "reasonably related to legitimate penological objectives." *Vinning-El v. Evans*, 657 F.3d 591, 592–93 (7th Cir. 2011) (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)). Courts rely on four factors in determining whether a substantial burden is constitutionally permissible: (1) whether the policy rationally relates to a legitimate governmental objective; (2) whether the inmate has an alternative means of exercising the right; (3) the impact that accommodating the right will have on security; and (4) whether ready alternatives exist to the prison's policy. *Turner*, 482 U.S. at 89–91. "The four factors are all important, but the first one can act as a threshold factor regardless which way it cuts." *Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010).

The defendants argue that any burden on Mr. Printup's religious practice was *de minimis* and therefore insufficient to support a finding that it was a "substantial burden." Dkt. 38 at 10. But a reasonable jury could find based on the designated evidence that Mr. Printup's faith required daily prayer (using a prayer rug) and recitation of the Quran. Dkt. 37-1 at 25:21–26:11, 35:13–17.

6

The defendants cite no authority showing that a 48-hour denial of the items prescribed by a Muslim inmate's faith as necessary for prayer is *de minimis*. Indeed, this Court has held—in another case involving Mr. Printup—that a reasonable jury could find a similar short-term denial was a substantial deprivation. *Printup v. Knight,* No. 2:21-cv-00280-JPH-MG, 2023 WL 5980017, at *4 (S.D. Ind. Sept. 14, 2023) (citing cases).

A reasonable jury could also find that the denial of Mr. Printup's religious items was not reasonably related to legitimate penological interests. The defendants assert that Mr. Printup's property was removed pursuant to a facility policy which stated that "when an offender was placed on strip cell status, all property was to be removed except for allowable property." Dkt. 38 at 10. The defendants do not cite to any written policy that defines "allowable property." *Id.* (citing to dkt. 37-2 at 2 (Def. Vanihel's Resp. Interog.)). Indeed, they have not filed any written policy or order governing strip cell status in February 2022.[2] Given this lack of evidence, a reasonable jury could find that denying Mr. Printup a prayer rug and Quran was not reasonably related to prison safety and security.

The defendants are therefore not entitled to summary judgment on Mr. Printup's First Amendment claim.[3]

---

[2] The defendants filed a facility directive that went into effect in March 2022. Dkt. 37-3. The directive allows inmates to retain a number of items, including hygiene items, that were confiscated from Mr. Printup. *Id.* at 3. It does not mention prayer rugs, religious texts, or religious items as a category. *See generally id.*

[3] No defendant argues for summary judgment based on lack of personal involvement in the alleged First Amendment violation. Summary judgment is therefore denied as to all defendants.

### C.    RLUIPA

Under RLUIPA, "the government may not impose a 'substantial burden on the religious exercise of a person residing in or confined to an institution' unless the burden is the 'least restrictive means' of serving a 'compelling governmental interest.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting 42 U.S.C. § 2000cc–1). For reasons similar to those explained in the First Amendment discussion, Warden Vanihel is not entitled to summary judgment on Mr. Printup's RLUIPA claim.

However, as explained at screening, the RLUIPA claim proceeds against Warden Vanihel in his official capacity for injunctive relief only. Dkt. 11 at 2–3. Mr. Printup's deposition testimony demonstrates that he is no longer on strip cell status. *See* dkt. 37-1 at 39:9–40:8. And the Court "must assume that [Mr. Printup] will abide by prison rules and thereby avoid a return to [strip cell] status." *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993).

Mr. Printup's claims for injunctive relief are therefore moot. *Id.*; *see also Phillips v. Reagal*, No. 1:21-cv-1876-JPH-KMB, 2023 WL 5627993, at *4 (S.D. Ind. Aug. 31, 2023) (same). Mr. Printup shall have **21 days following the issuance of this Order** to show cause why all claims for injunctive relief should not be dismissed as moot.

### IV.    Conclusion and Further Proceedings

The defendants' motion for summary judgment, dkt. [36], is **GRANTED** as to Mr. Printup's Eighth Amendment claims and otherwise **DENIED**.

Mr. Printup shall have **21 days following the issuance of this Order** on the docket to show cause why all claims for injunctive relief should not be dismissed as moot.

The **clerk is directed** to include a blank motion for assistance with recruiting counsel with Mr. Printup's copy of this Order.

The **Magistrate Judge is requested** to schedule a telephonic status conference with the parties to discuss trial readiness and the possibility of settlement.

**SO ORDERED.**

Date: 3/21/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DARIUS PRINTUP
280904
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Magistrate Judge M. Kendra Klump